IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GAYE LYNN DILEK BREWER,
    Plaintiff,

vs.                                     Case No.: 3:15cv154/RV/EMT

MARTIN BODENHAUSEN, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on a civil rights complaint filed under 42 U.S.C. § 1983 by Plaintiff and subsequently amended three times (ECF Nos. 1, 9, 11, 13). Plaintiff was granted leave to proceed in forma pauperis (ECF No. 12).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss this case if satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir.

1997). To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted). A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation and citation omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679 (citation omitted). The pleader is not entitled to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct." *Id.* (citing Fed. R. Civ. P. 8(a)(2)). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (quotation and citation omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim

"are conclusory and not entitled to be assumed true." *Id.* at 681 (quotation and citation omitted).  Stated succinctly:

> Pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.  Finally, consistent with the foregoing precepts, in civil rights cases more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted).  Upon review of Plaintiff's complaints,[1] the court concludes that the facts set forth by Plaintiff fail to state a claim for relief that is plausible on its face. Dismissal of this action is therefore warranted.

Plaintiff alleges in her complaints that on or about October 18, 2013, she visited the Young Men's Christian Association ("YMCA") at Pensacola, Florida, where the four named Defendants are evidently employed.  Plaintiff states that while she was

---

[1] Ordinarily, the Court would review Plaintiff's latest complaint only, given Local Rule 15.1 which provides that allegations in an earlier pleading are deemed to be abandoned if they are not included in the amended pleading.  Because Plaintiff appears unaware of this rule, and because her amended pleadings appear to be supplementary in nature rather than true amendments, the court will review all her complaints in this action collectively.

Case No.: 3:15cv154/RV/EMT

standing in front of a mirror, another woman walked in front of her, slammed down a large bag in front of her, yelled at her, and pushed her out of the way.  Plaintiff then alleges that, later during her visit, another woman disrobed in front of her.  At some time during these events, the Defendant employee identified as "Judy" encouraged one or the other of these other women to file a complaint and otherwise "made false report" against Plaintiff (ECF No. 1 at 3-4).

Plaintiff thereby claims that she was bullied, cheated out of her money, discriminated against, defamed, harassed, and visited with an abuse of power from Defendants.  She also claims a conspiracy to violate criminal civil rights laws under 18 U.S.C. § 241.  Plaintiff states she was encouraged to file a claim of discrimination with the Equal Employment Opportunity Commission, but she never pursued it. Plaintiff states that she perceived antisemitism on the part of Defendants, based on her experience at a catholic church, at which one of the Defendants was evidently in attendance, in which she heard the priest state "that Catholics are sworn enemies of Moslems and Freemasons" (ECF No. 11 at 4).

Plaintiff's allegations fail to state a plausible claim for relief under § 1983. To state a claim for relief in a § 1983 action, a plaintiff must allege sufficient facts to establish that he or she was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of

state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50, 119 S. Ct. 977, 143 L. Ed. 2d 130 (1999). A private party may be considered a state actor for purposes of § 1983 only in "rare circumstances" not present here. See Rayburn ex rel. Rayburn v. Hogue, 241 F.3d 1341, 1347 (11th Cir. 2001). The Defendants, employees of the YMCA, are private actors. See Freeman v. Helldoerfer, No. 99-3519, 2000 WL 125885, at *2 (6th Cir. Jan. 28, 2000); Molina v. YMCA, No. 08-CV-577 (DLI), 2008 WL 789888, at *2 (E.D.N.Y. Mar. 21, 2008); Valle v. YMCA of Greater New York, No. 05 Civ 5318(LTS)(FM), 2006 WL 2571946, at *7 (S.D.N.Y. July 6, 2006); Matthews v. YMCA, No. 05–4033–SAC, 2005 WL 2663218, at *4 (D. Kan. Oct. 19, 2005). Defendants are therefore not subject to liability under Section 1983.

To the extent that Plaintiff asserts a claim under 18 U.S.C. § 241 or any other federal criminal statute, a private individual cannot bring an individual action under a criminal statute, because the court is not vested with power to prosecute criminal cases. See Higgins v. Neal, 52 F.3d 337 (10th Cir. 1995); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (noting that "[o]nly the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241–242"); see also Dugar v. Coughlin, 613 F. Supp. 849 (S.D.N.Y. 1985) (no private right of action under federal criminal statutes); Powell v. Kopman, 511 F. Supp. 700, 704 (S.D.N.Y. 1981) (same).

As Plaintiff has presented no viable claims under Section 1983 nor under federal criminal law, the complaint should be dismissed.

Accordingly, it respectfully **RECOMMENDED**:

That the complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

At Pensacola, Florida, this 15th day of July 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**